## CINCINNATI SAFE CO. *v.* KELLY.

Decided May 9, 1891.

*Conditional sale—Forfeiture—Demand.*

> Appellant sold appellee a new safe, in consideration of the payment of a sum of money and the delivery of an old safe, and retained title until the consideration was paid. The money was paid. Appellant demanded that the old safe should be delivered at the depot platform. Appellee applied to the depot agent, who refused to receive it on the platform *except for shipment.* Appellee thereupon declined to deliver it to him, but never notified appellant or asked any instructions. A month afterward appellant brought suit to recover the new safe. *Held:* Appellee was in default, and judgment should be for appellant.

APPEAL from *Monroe* Circuit Court.

M. T. SANDERS, Judge.

*N. W. Norton* for appellant.

When a chattel is sold with a reservation of title in the vendor until the price is paid, the title remains in him until the condition is performed. 47 Ark., 363. The agreed statement of facts shows due demand on the vendee to perform the conditions of sale, and failure on his part. The vendor then had the right to claim a forfeiture and bring replevin. 47 Ark., 363.

*John C. Palmer* for appellee.

Part performance of the condition required some notice that he was going to claim a forfeiture. It is the duty of the vendor to inform the purchaser, in order that he may pay or tender the amount due. 14 Sup. Ct. N. Y., 525; 41 N. Y., 155; 3 Johns. Chy., 23; 15 N. Y. Com. Law, An., 375. The vendee should have had notice. 17 Atl. Rep., 638; 6 So. Rep., 93. There was no demand in this case. The appellant's agent simply "urged" Kelly to put the old safe on the depot platform. He gave him no notice that he would claim a forfeiture.

HUGHES, J. This is an appeal from a judgment in replevin for the return of an iron safe, or its value $225, which

the appellant sold and shipped to the appellee, Kelly, at Brinkley, Arkansas, upon the express condition in the written contract of sale that the title thereto should not pass until said safe was paid for in full, and that the same should remain the property of the appellant until that time. By the terms of the written contract the appellee agreed to pay for said safe two hundred and twenty-five dollars to the order of appellant, as follows: Cash on arrival one hundred and twenty-five dollars, together with the old safe of appellee at depot at Brinkley, Arkansas, valued at one hundred dollars. The new safe was to be delivered on board of cars at Cincinnati, Ohio.

When the new safe arrived at Brinkley, the appellee refused to receive it and pay the one hundred and twenty-five dollars in money and to deliver the old safe ; whereupon the appellant sued appellee and recovered judgment in the circuit court, at its September term, 1888, for the one hundred and twenty-five dollars and costs, against the appellee, Kelly, which judgment he paid. The appellant then sued the railroad company and recovered judgment in replevin by default for the new safe, and upon appeal from this judgment, rendered by a justice of the peace, Kelly was, upon his motion, made a defendant in the circuit court, where he recovered judgment for the return of the new safe, or its value, two hundred and twenty-five dollars. The appeal pending here is from the latter judgment.

The cause was tried before the court without a jury, upon an agreed state of facts, from which it appears that the new safe was shipped to Kelly by appellant on December 5, 1887; that appellees, by their attorney, N. W. Norton, on the 26th November, 1888, at the appellee Kelly's place of business, in the town of Brinkley, urged appellee Kelly to put the old safe referred to in the contract on the depot platform in Brinkley ; that Kelly afterwards applied to the railroad agent for permission to place said old safe on the depot platform, which the agent declined to permit unless Kelly would place the safe there for shipment, which Kelly

could not do, because he had no shipping instructions. When this occurred, is not shown. It does not appear that Kelly ever tendered the old safe to the appellant, or that he even notified it that he was ready to ship it or deliver it, or that he asked any instructions from the appellant in regard to what he should do with it. There were no declarations of law at the trial other than a general declaration that the law was for the appellee, as we infer from the bill of exceptions. The appellant excepted, filed a motion for a new trial, which was overruled, and appealed.

" Where a chattel is sold with a reservation of title in the vendor until the price is paid, the title remains in him until the condition is performed." *McIntosh* v. *Hill*, 47 Ark., 363 ; *McRea* v. *Merrifield*, 48 Ark., 160 ; *Simpson* v. *Shackleford*, 49 Ark., 63.

*Forfeiture under conditional sale.* It does not appear from the agreed statement of facts or otherwise that the appellant waived its right in the premises in any respect at any time. Appellant brought suit to recover the new safe on December 27, 1888, a month after his attorney had urged appellee to deliver the old safe on the depot platform at Brinkley, and in the meantime he did not notify the appellant or his attorney that he was prepared and ready to deliver it, or that he had asked permission to place it on the platform at the railroad depot and been refused by the railroad agent. We think he was clearly in default, and that, upon the facts presented in the bill of exceptions, judgment should have been rendered for appellant.

The judgment is reversed and remanded for new trial.

BATTLE and HEMINGWAY, JJ., concur.

### DISSENTING OPINION.

COCKRILL, C. J. The consideration for the new safe was a sum of money and the old safe. The title to the new safe was to remain in the vendor (the plaintiff) until the defendant fully complied with his contract of purchase. He paid the money consideration, but failed to deliver the old safe at the railway station house as his contract bound him to do.

It is settled by the decision of this court that the defendant did not forfeit his right to the new safe by a failure to deliver the old one until there was a specific demand therefor in accordance with the terms of the contract. *Nattin* v. *Riley, ante* p. 30. Forfeitures are not favored, and the party claiming a right by virtue of a forfeiture should be held to strict proof of the facts which work the forfeiture. The question in this case then is, Did the plaintiff prove a demand for the delivery of the old safe in pursuance of the contract of purchase? A demand for delivery not in pursuance of the terms of the contract would not work a forfeiture of the defendant's right to the new safe. The terms of the contract called for delivery of the old safe at the railway station-house. Standing alone, that is, without other directions by the owner or purchaser, that meant delivery for shipment to the owner or purchaser at his place of residence, Cincinnati in this case. If therefore there had been a demand for delivery in accordance with the terms of the contract, the defendant could not have excused himself by answering that he had no directions for shipment. The agreed statement of facts is that the plaintiff's attorney urged the defendant to put the safe on the platform at the railway station-house. Did that mean that it should be placed there for shipment to the plaintiff at Cincinnati, or to await the order of the plaintiff? It appears that the defendant placed the latter construction upon the request; and if that was a proper construction, the request was not a demand in accordance with the terms of the contract; and as the defendant was prevented from complying with the request by the refusal of the railway agent to permit the safe to be stored on the platform, the forfeiture should not be declared. There is room for a difference of opinion as to the inference which might be fairly drawn from the conceded facts in reference to the demand. The issue was therefore one of fact (*Robson* v. *Tomlinson, ante* p. 229; 1 Shearman & Red. on Neg., sec. 54), and the finding of the court is conclusive. The finding was general for the defendant, and, taking it most strongly

for the defendant, it was in effect that the plaintiff's demand was to deliver the old safe at the railway depot, not for shipment, but to remain there subject to the plaintiff's order. It may be correct to say that it was the defendant's duty to notify the plaintiff that the railway agent would not permit him to leave the safe on the platform without directions to ship, but such failure could not work a forfeiture of the defendant's right to the possession of the new safe. The judgment for the defendant is right, and ought to be affirmed. As it is reversed, the defendant can doubtless be relieved of the effect of the forfeiture by a proper appeal to equitable doctrines.

MANSFIELD, J., concurs in this opinion.